816 F.2d 683
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Randall Eugene SIMMS, Defendant-Appellant.
 No. 86-1409.
 United States Court of Appeals, Sixth Circuit.
 April 15, 1987.
 
 Before RYAN, BOGGS and BROWN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Simms appeals his conviction for aiding and abetting the distribution of cocaine in violation of 21 U.S.C. Sec. 841(a)(1). He contends that the district court abused its discretion in permitting the government, for the purpose of establishing that Simms knew that cocaine was being distributed, to introduce evidence that on two prior occasions Simms was present when the government's confidential informant purchased cocaine from Johnson, the principal in these sales. Simms contends that, absent proof of these prior occurrences, evidence of his knowledge that Johnson was trafficking in cocaine is insufficient to sustain the jury's verdict. For the reasons that follow, the judgment of conviction is affirmed.
 
 
 2
 The principal offense occurred in September, 1984. Simms, his brother Terry, and Richard Johnson were indicted for distributing cocaine to a government informant, Frank Rusch. Johnson pleaded guilty. Simms and his brother were tried to a jury and convicted.
 
 
 3
 In August, 1984, Rusch purchased a very small amount of cocaine from Johnson. At the behest of the government, he returned to Johnson's residence in September with an undercover agent to purchase more cocaine. Simms and an unidentified girl were present. Johnson told Rusch that the three were "partying".
 
 
 4
 In the kitchen, Johnson explained to Rusch, privately, that the cocaine was at Terry's house. Terry occupied the upstairs of Simms' mother's home, and Simms resided in the basement. Knowing well the location of this residence, Simms described the house in detail and told Rusch how to get there. Simms also agreed to notify his brother that Rusch and the undercover agent would arrive shortly. Later that night Rusch went to the Simms residence and purchased a sack of cocaine.
 
 
 5
 Prior to trial, the government moved, in limine, to introduce evidence that on two prior occasions Simms was present and knew Johnson sold cocaine to Rusch. The trial court permitted this evidence pursuant to Federal Rule of Evidence 404(b) for the limited purpose of establishing Simms' knowledge that Johnson was selling cocaine to Rusch. The government's evidence established:
 
 
 6
 That in September, 1983, Simms was present when Rusch, at the government's direction, purchased cocaine at Simms' residence from Johnson.
 
 
 7
 That in October, 1983, Simms accompanied Johnson to Rusch's used car lot to negotiate a cocaine transaction. Johnson and Simms left the car lot just long enough to repackage the cocaine and when they returned, Johnson delivered the cocaine to Rusch.
 
 
 8
 The court cautioned the jury to limit its consideration of this evidence to the purpose for which it was admitted. The jury returned a verdict of guilty.
 
 Federal Rule of Evidence 404(b) provides:
 
 9
 "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
 
 
 10
 Simms contends that the prior occurrences were too remote in time to have a logical tendency to prove that he knew on this occasion that cocaine was being distributed, and therefore, despite the express provision permitting such evidence, should not have been admitted for any purpose.
 
 
 11
 The trial court has broad discretion in determining whether prior acts are too remote to have a logical tendency to prove the element or issue for which they are offered. United States v. Terebecki, 692 F.2d 1345, 1349 (11th Cir.1982). Here, the prior events occurred 12 months and 13 months, respectively, prior to the incident in question, and all three occurrences involved the same actors; Rusch, Johnson and the defendant. Moreover, the prior acts are so similar to the present offense as to be virtually indistinguishable. The defendant's remoteness argument is patently meritless. The trial court's ruling that the evidence of Simms' prior involvement with Johnson and Rusch was more probative than prejudicial on the limited issue of knowledge was not an abuse of discretion. Coupled with a properly worded cautionary instruction to the jury, the district court properly permitted the government to introduce the challenged evidence. United States v. Holloway, 740 F.2d 1373, 1377-78 (6th Cir.), cert. denied, 469 U.S. 1021 (1984). See also Fed.R.Evid. 403.
 
 
 12
 Turning to Simms' second contention, that the evidence is insufficient to sustain the verdict, we note that the jury is free to draw reasonable inferences from either direct or circumstantial evidence. United States v. Pollard, 778 F.2d 1177, 1180 (6th Cir.1985). In Pollard, we summarized the standard of review:
 
 
 13
 "When reviewing a challenge to the sufficiency of the evidence supporting a criminal conviction, 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' Jackson v. Virginia, 443 U.S. 307, 319 ... reh'g denied, 444 U.S. 890 ... (1979) (emphasis in original)."
 
 
 14
 Id. Since the district court did not abuse its discretion in admitting evidence of the two prior occurrences, the jury could rationally infer from that evidence that Simms knew that Johnson was selling cocaine to Rusch.
 
 
 15
 Therefore, the judgment of conviction is AFFIRMED.